IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BARRON'S OUTFITTERS, INC., <br><br> Plaintiff, <br><br> vs. <br><br> BIG HAIRY DOG INFORMATION SYSTEMS and RETAIL PRO INTERNATIONAL, LLC, <br><br> Defendants. | CIVIL ACTION NO.  3:14-4335-TLW |

**CLASS ACTION COMPLAINT**

In 1991, Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "unrestricted telemarketing . . . can be an intrusive invasion of privacy . . ." 47 U.S.C. § 227, Congressional Statement of Findings #5. Specifically, in enacting the TCPA, Congress outlawed telemarketing via unsolicited facsimile ("Junk Fax"). See 47 U.S.C. § 227. Plaintiff, Barron's Outfitters Inc., is a small business located in South Carolina, who has long been inundated with illegal Junk Faxes and who now comes forward, on behalf of itself and all persons and entities similarly situated, and files this complaint against the Defendants, Retail Pro International, LLC ("Retail Pro") and Big Hairy Dog Information Systems ("BHD") (collectively referred to as "Defendants"), for their violation of federal telemarketing law.

**THE PARTIES**

1.      Plaintiff, Barron's Outfitters, Inc. ("Barron's"), is a South Carolina corporation with a principal place of business at 1725 Harden Street, Columbia, South Carolina.

2. Defendant, Retail Pro International, LLC, is a California limited liability company based in Folsom, CA and does business in this District.

3. Defendant, Big Hairy Dog Information Systems, is a California corporation that is headquartered in Sacramento, CA and does business in this District.

## JURISDICTION

4. The District Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331. *See Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (2012).

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because a substantial portion of the facts and circumstances that give rise to the cause of action occurred in this District, as the facsimile advertisement at issue was sent by the Defendants to this District.

## THE LEGAL BASIS OF THE CLASS CLAIMS

6. This class action arises from the violation of Retail Pro and BHD of federal law prohibiting privacy violations via invasive telemarketing practices.

7. The claims of the Plaintiff, and the class of persons and entities it seeks to represent, arise pursuant to the provisions of the TCPA, a federal statute enacted to prohibit unreasonable invasions of privacy via certain telemarketing practices.

8. The TCPA was also enacted to protect the property rights of the recipients of unsolicited facsimile advertisements.

9. The TCPA prohibits the sending of unsolicited advertisements for goods and services via facsimile. 47 U.S.C. §227(b)(1)(C).

10. The TCPA requires that even facsimile advertisements being sent to companies who consented to receipt, or with whom the advertiser had an established business relationship, must include language on the facsimile which clearly informs the recipient that they may request

that future facsimiles cease, and that failure to remove the consumer's facsimile from the telemarketer's database within thirty days is itself a violation of the TCPA. These requisites are referred to as "Compliant Opt Out Notice." See 47 U.S.C. §227(b)(2)(D).

11. The TCPA, 47 U.S.C. §227(b)(3) provides a private right of action as follows:

> A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State, (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation, (B) an action to recover for actual monetary loss from such a violation, or to receiver $500 in damages for each violation, whichever is greater, or (C) both such actions.

12. Plaintiff brings this action individually and as the representative of all members of a class, nationwide, pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**FACTUAL ALLEGATIONS AS TO THE REPRESENTATIVE PLAINTIFF**

13. On August 28, 2014, BHD transmitted a facsimile advertisement to Barron's and, based on the generic nature of the content and the proximity of the Plaintiff's business to the business of BHD, numerous other entities throughout the United States ("Junk Fax"). A copy of the Junk Fax is attached at Exhibit 1.

14. The Junk Fax contains an advertisement promoting a POS system offered by the Defendant Retail Pro.

15. As the entity whose goods are being advertised, Retail Pro is also liable for the fax advertising.

16. The TCPA makes it unlawful to "send, to a telephone facsimile machine, an unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C).

17. The Federal Communications Commission has promulgated 47 C.F.R. § 64.1200(a)(3), which defines a "sender" as, "[T]he person or entity <u>on whose behalf</u> a facsimile

unsolicited advertisement is sent <u>or whose goods or services are advertised</u> or promoted in the unsolicited advertisement." 47 C.F.R. § 64.1200(f)(8) (emphasis added).

18.     Prior to codification, this principle had been established by an official FCC interpretation of the TCPA entitled, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 10 F.C.C.R. 12391, 12407 (Aug. 7, 1995), which stated, "[T]he entity or entities on whose behalf facsimiles are transmitted are ultimately liable for compliance with the rule banning unsolicited facsimile advertisements."

19.     Retail Pro relies on a series of "Authorized Business Partners" to distribute their goods and services, including the POS system that was advertised in the facsimile advertisement sent to the Plaintiff.

20.     Indeed, on the Retail Pro website, when a visitor selects the "Contact Us" tab, they have the option of "Locating a Business Partner Near You". *See* http://www.retailpro.com/ContactUs.php (Last Visited October 9, 2014)

21.     BHD is one of these "Authorized Business Partners" of Retail Pro.

22.     Retail Pro grants third parties permission to use the Retail Pro trademark and tradename in their advertising.

23.     In fact, in the Junk Fax sent to the Plaintiff, the Retail Pro trademark is prominently displayed.  (See Exhibit 1).

24.     At no time did Barron's give either Defendant its express prior invitation or permission, or prior consent in any fashion, for the transmission of the Junk Fax.

25.     The Junk Fax did not contain a Compliant Opt Out Notice.

## CLASS ACTION ALLEGATIONS

26.     Plaintiff brings this action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of all other persons or entities similarly situated throughout the United States.

27.     Through the transmission of generic facsimile advertisements promoting their services, including transmission to the Plaintiff who is located on the other side of the country, the Defendants have engaged in widespread advertising via unsolicited facsimile transmission in violation of the TCPA.

28.     Based on the generic style of the facsimile advertisement, the standard telemarketing reach of a Junk Fax campaign, and the distance between the Plaintiff and the Defendants, the Defendants have likely transmitted unsolicited facsimile advertisements to thousands of recipients throughout the United States.

29.     Neither of the Defendants obtained the consent of facsimile recipients prior to the transmission of facsimile advertisements.

30.     To the extent facsimile advertisements were transmitted by Defendants to consumers who had given consent, or had an established business relationship with the Defendants, of which there is no evidence at this time, the facsimile advertisements are still in violation of the TCPA as they did not contain the Compliant Opt Out Notice required by law.

31.     The class of persons represented by Plaintiff is composed of all persons or entities within the United States whom were sent facsimile advertisements promoting Retail Pro and its goods or services at any time within four years prior to the filing of the instant Complaint.

32. The class as defined above is identifiable by phone records, fax transmittal records, and fax number databases, used by Retail Pro and its Business Partners or their agents, in transmitting its unsolicited facsimile advertisements.

33. The Plaintiff is a member of the class.

34. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

    a. Whether Defendants violated the TCPA and FCC promulgating regulations, by engaging in fax advertising.

    b. Whether the facsimiles sent by Defendants to class members constitute unsolicited advertisements;

    c. Whether the Plaintiff and the members of the class are entitled to statutory damages as a result of Defendants' actions.

35. Plaintiff's claims are typical of the claims of the class.

36. Plaintiff is an adequate representative of the class because its interests do not conflict with the interests of the class, it will fairly and adequately protect the interests of the class, and it is represented by counsel skilled and experienced in class actions.

37. Common questions of law and fact predominate over questions affecting only individual members of the class and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or its agents.

38. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to conduct such litigation.

39. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

40. Plaintiff is capable of and willing to represent the other members of the class.

## CAUSES OF ACTION
## COUNT I: VIOLATION OF THE TCPA

41. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

42. Defendant BHD caused unsolicited facsimile advertisements to be sent to Plaintiff and to other members of the class, in violation of the TCPA and the FCC's promulgating regulations, promoting the goods and services of Retail Pro.

43. By causing unsolicited facsimile advertisements to be sent to the class, Defendants violated the privacy rights of class members.

44. By causing unsolicited facsimile advertisements to be sent to the class, Defendants caused class members to sustain property damage and cost in the form of paper and toner.

45. By causing unsolicited facsimile advertisements to be sent to the class, Defendants interfered with the class members' use of their property as class members' facsimile machines were encumbered by the transmission of Defendants' unsolicited facsimile advertisements.

46. By causing unsolicited facsimile advertisements to be sent to the class, Defendants caused the facsimile machines of class members to be encumbered by the transmission of unsolicited facsimiles.

47. Defendants failed to provide the requisite Opt Out Notice on its advertisements informing the recipient of their right to cease receiving such advertisements and a cost free mechanism to make such request.

48. Failure to provide Opt Out Notice on a facsimile advertisement is a separate and distinct violation of the TCPA.

49. The TCPA provides for statutory damages in the amount of a minimum of $500 for each separate violation of the TCPA. The damages suffered by the Plaintiff and the class it seeks to represent are negligent or willful.

## COUNT II: INJUNCTIVE RELIEF

50. Plaintiff incorporates the allegations from all previous paragraphs as if fully set forth herein.

51. The TCPA expressly authorizes injunctive relief to prevent future violations of the Act.

52. The Plaintiff, acting on behalf of the Class, respectfully petitions the Court to order Defendants to immediately cease engaging in unsolicited facsimile advertising in violation of the TCPA.

## PRAYER FOR RELIEF

WHEREFORE, on behalf of itself and the other members of the class, the Plaintiff prays for the following relief:

1. That Defendants immediately be restrained from engaging in future telemarketing in violation of the TCPA.

2. That Defendants, its agents, or anyone acting on its behalf, be immediately restrained from altering, deleting or destroying any documents or records that could be used to identify the members of the class.

3. That this Court certify the claims of the named Plaintiff and all other persons similarly situated as class action claims as provided by Rule 23 of the Federal Rules of Civil Procedure.

4. That the named Plaintiff and the other members of the class action so certified be awarded $500 for each negligent violation of the TCPA by Defendants and $1,500 for each wilfull violation of the TCPA.

5. That the Court enter an appropriate order enjoining Defendants, its agents, or anyone acting on its behalf, from altering, erasing, changing, deleting, destroying or otherwise disposing of any records, including computer disks or computer programs, in its possession or control which can be used to identify all persons, corporations, or other entities to whom defendants have transmitted unsolicited facsimile advertisements.

6. That the named Plaintiff and the members of the class be granted such other and further relief as is just and equitable under the circumstances.

### JURY DEMAND

**THE CLASS PLAINTIFF REQUESTS A JURY TRIAL AS TO ALL CLAIMS OF THE COMPLAINT SO TRIABLE.**

Dated this 7th day of November, 2014.

s/ Lance S. Boozer
Lance S. Boozer (Fed ID# 10418) (SC Bar# 75803)

**PLAINTIFF'S COUNSEL:**

**THE BOOZER LAW FIRM, LLC**
807 Gervais Street
Suite 203
Columbia, SC 29201
Tele:  803-608-5543
Fax:   803-926-3463
Email:  lsb@boozerlawfirm.com

**DEFEFENDANTS TO BE SERVED VIA CERTIFIED MAIL AT:**

Big Hairy Dog Information Systems
c/o Sandy Malaney, Registered Agent for Service of Process
3205 Ramos Circle
Sacramento, CA 95827

Retail Pro International, LLC
c/o, Kerry Lemos, Registered Agent for Service of Process
400 Plaza Dr., Suite 200
Folsom, CA 95630